**FILED**
**Sep 17, 2018**
**01:13 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Marcus Cosey,<br>　　　　Employee,<br><br>v.<br><br>Jarden Corporation,<br>　　　　Employer,<br><br>And<br><br>American Zurich Insurance,<br>　　　　Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Docket No.: 2017-01-0053<br><br>State File No.: 58146-2016<br><br>Judge Audrey A. Headrick |

## COMPENSATION HEARING ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on September 13, 2018, for hearing on the Motion for Summary Judgment filed by Jarden Corporation (Jarden).[1]

### *Procedural History*

The Court summarizes the factual background to this motion as follows. Mr. Cosey sustained a crush injury to his left middle and ring fingers on July 3, 2016, while performing his job at Jarden. Dr. Jason Rehm, the authorized treating physician, testified by Form C-32 Standard Form Medical Report (Form C-32) that Mr. Cosey's employment primarily caused his need for treatment. Jarden accommodated his restrictions until it terminated him for cause. Dr. Rehm placed Mr. Cosey at maximum medical improvement (MMI) on November 28 and assigned a zero-percent impairment rating with no permanent restrictions. He also recommended no further medical treatment.

Mr. Cosey filed a Petition for Benefit Determination (PBD) on January 26, 2017. Jarden later filed a Motion to Dismiss for Failure to Prosecute on August 9. The Court

---

[1] The Court did not conduct an in-person evidentiary hearing in this case. Instead, the Court gleaned the facts from Jarden's statement of undisputed facts, pleadings, and exhibits.

granted the motion on October 5 and dismissed Mr. Cosey's claim without prejudice on other grounds.[2]

Mr. Cosey refiled a PBD, and the Court entered a Scheduling Hearing Order setting the deadline for completion of medical proof on or before September 10. In the scheduling order, the Court instructed Mr. Cosey that the burden is on him to obtain sufficient medical proof. It stated that medical proof can be obtained by deposition or use of the Form C-32. The Court also encouraged Mr. Cosey to contact the Ombudsman Program regarding the Court's procedural rules.

Jarden filed this summary judgment motion on August 13 along with a statement of undisputed facts, a memorandum of law, affidavits of Veatrice Storey and Rick Wiehe, Dr. Rehm's Form C-32, and exhibits. In response, Mr. Cosey filed correspondence with no supporting affidavits. He requested that the Court strike Dr. Rehm's statements from the record. As of the summary judgment hearing, Mr. Cosey failed to obtain any medical proof.

Jarden argued the undisputed facts negate essential elements of Mr. Cosey's claim. Specifically, Jarden argued he failed to meet his burden of proving entitlement to medical, temporary disability, or permanent disability benefits. Jarden also argued summary judgment is appropriate because Mr. Cosey failed to respond to its motion as required by Rule 56 and failed to file any sworn affidavits or depositions.

*Law and Analysis*

Under Tennessee Rule of Civil Procedure 56.04, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Jarden must either: (1) submit affirmative evidence that negates an essential element of Mr. Cosey's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Jarden carries this burden, then Mr. Cosey "may not rest upon the mere allegations or denials of [his] pleading" but must respond by producing facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. In other words, Mr. Cosey's response "must do more than simply show that there is some metaphysical doubt as to the material facts." *Payne v. D & D Elec.*, 2017 Tenn. LEXIS 215, at *8-9 (Tenn. 2017). In reaching its decision, the Court must focus on evidence Mr. Cosey presented at the summary judgment stage, "not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Rye*, at 265. The Court holds that Jarden met its burden of negating an essential element of Mr. Cosey's claim for medical, temporary disability, and permanent disability benefits.

---

[2] Mr. Cosey failed to comply with an Order compelling discovery.

2

Since Jarden met its burden, the Court must consider whether Mr. Cosey produced facts showing a genuine issue for trial. He failed to respond to the motion as required by Rule 56. Although Mr. Cosey filed a letter requesting that the Court strike Dr. Rehm's statements from the record, he filed no sworn affidavits and/or depositions showing a genuine issue for trial. While his failure to respond does not mandate entry of summary judgment, it does prevent him from disputing any of the facts asserted in the statement of material facts. *See United Serv. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, *4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes.").

Although Mr. Cosey represents himself in this claim, he still "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015). Further, courts must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id*. Here, Mr. Cosey failed to produce any medical proof regarding proof of permanent impairment, entitlement to temporary disability benefits, or the need for further treatment. Accordingly, the Court accepts the facts provided by Jarden and holds that Mr. Cosey failed to present facts sufficient to establish a genuine issue for trial.

The Court notes Mr. Cosey had ample time to obtain evidence essential to support his claim since the Court dismissed his initial PBD without prejudice. Additionally, the Court instructed him to consult with the Ombudsman Program and the Court's website and urged him to become familiar with the procedural and evidentiary rules of the Court. Despite the Court's urging, Mr. Cosey presented no defense at the motion hearing other than providing an oral summary of the letter he filed seeking to have the Court strike Dr. Rehm's statements from the record. Mr. Cosey's statements during oral argument and correspondence filed without supporting affidavits are insufficient to establish a factual dispute. Because he failed to produce facts showing a genuine issue of material fact for trial, he failed to carry his burden.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Jarden's motion for summary judgment and dismisses Mr. Cosey's claim with prejudice to its refiling.

2. Absent an appeal, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Jarden under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

4. Jarden shall pay the filing fee within five business days of the order becoming final.

5. Jarden shall file form SD-1 within ten business days of this order becoming final.

It is so **ORDERED.**

**ENTERED September 17, 2018.**

Audrey A. Headrick
Workers' Compensation Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on September 17, 2018.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Marcus Cosey, Employee | X | | X | 5828 Pinelake Drive Harrison, TN 37341 macolicious30@gmail.com marcuscosey@gmail.com |
| Catheryne Grant, Victoria Dutschmann, Employer Attorneys | | | X | catherynelgrant@feeneymurray.com victoriaedutschmann@feeneymurray.com |

_____ w/permission

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____